UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

HANS WERNER ASSEL, *et al.*,          §
                                      §
   Plaintiffs,         §
                                      §
*versus*                              §          CIVIL ACTION H-96-3880
                                      §
                                      §
ELDERWAY INVESTMENTS, *et al.*,       §
                                      §
   Defendants.         §

## Opinion on Motion to Re-open Time for Appeal

  The plaintiffs sued in November 1996. In February 1999, the court signed an interlocutory take-nothing judgment in favor of Smith Barney. Twice, the plaintiffs appealed, and twice they abandoned their appeal. In September 2002, the court stayed the case, pending action by the plaintiffs.

  In January 2005, the court ordered counsel to report on the status. The report was that the plaintiffs had taken no action since the order of September 2002. The court held a hearing to determine what else needed to happen in the case. Since the plaintiffs had essentially abandoned their claims, the only issue left was the trustee and trustee's counsel's fees. When counsel notified the court that they had resolved the fees, the court signed the final judgment.

  Some of the plaintiffs say that they are just now learning of the final judgment and that their attorney, Robert Inserni, abandoned them. Although Inserni did quit working for the plaintiffs within the court's view, some plaintiffs have corresponded directly with the court, and he got on the indignant side when the court did not answer his questions. Also, one dropped by to visit a few years ago. The court did chat with the visitor in the presence of others, including a lawyer with him, and the case was discussed only to the extent of his being told that the case could not be discussed. The visit was disclosed to counsel at the next conference.

- 2 -

      With full knowledge that nothing was being done for them, the plaintiffs chose to do nothing about it until the fruit of their neglect bore its natural fruit.  For the plaintiffs' benefit, the court imposed receiverships on companies and compelled disclosures from and barred reorganizations of third parties in which the plaintiffs asserted an interest, incurring huge costs for the trustee, her counsel, third parties, and others.

      Because the plaintiffs have failed to pursue their claims, their request to re-open the time to appeal will be denied.

      Signed August 12, 2005, at Houston, Texas.

                                          Lynn N. Hughes  USDJ
                                  United States District Judge